U. S. NATL. BANK, APPELLEE, V. THOMAS BONACUM APPELLANT.

[FILED JANUARY 27, 1892.]

1. **Mechanics' Liens:** FURNACES IN CHURCH BUILDINGS: REVIEW. In an action to foreclose a mechanic's lien upon a church building there was testimony tending to show that one R., the pastor of the church, was its agent in purchasing materials, etc., and that he contracted for two furnaces which were placed in the building; there was testimony tending to show the furnaces were purchased under a written memorandum or

contract, and likewise that they were furnished under a verbal contract. *Held*, That the finding of the trial court in favor of the plaintiff, that they were furnished under a verbal contract, would be sustained.

2. ———: ———: DEFECTS: VIEW: REVIEW. Where one of the defenses of the action was defects in the furnaces, by which they were of but little value, the trial judge, by consent of the parties, examined the furnaces and allowed $100 for such defects, his judgment will not be set aside in the absence of a showing that it is clearly wrong.

3. ———: ———. A mechanic's lien will lie for furnaces placed in a building.

APPEAL from the district court for Lancaster county. Heard below before FIELD, J.

*Sawyer & Snell*, for appellant, cited, contending that Roth alone could have sued on the contract, and that he was not appellant's agent: *Stone v. Wood*, 7 Cow. [N. Y.], 453; *Williams v. Christie*, 10 How. Pr. [N. Y.], 17; *Evans v. Wells*, 22 Wend. [N. Y.], 331. That the lien would not attach for a furnace: Note to *Hubbell v. East Cambridge*, 42 Am. Rep. [Mass.], 447.

*Fawcett & Sturdevant (John P. Davis*, of counsel), *contra*, cited, contending that the furnaces were fixtures and subjected the premises to a lien: 2 Jones, Liens, sec. 1343; *Cohen v. Kyler*, 27 Mo., 122; *Goodin v. Elleardsville Hall Ass'n*, 5 Mo. App., 289; *Freeman v. Lynch*, 8 Neb., 199; *Teaff v. Hewitt*, 1 O. St., 529.

MAXWELL, CH. J.

This action was brought in the district court of Lancaster county by the plaintiff against the defendant to enforce a mechanic's lien for $650 upon lots 7 and 8, block 2, Lavender's addition to Lincoln, upon which the German Catholic church is erected. The lien is based upon a contract with one H. M. Roth, the pastor of the congregation when the

building was being erected, for two furnaces put into said building by one Sullivan. He (Sullivan), after the erection of the furnaces, assigned the account to the plaintiff. Issues were joined by the parties, and on the trial of the cause the court below rendered judgment in favor of the plaintiff for the sum of $550, from which the defendant appeals. In substance, there are three defenses pleaded to the action: First, that Roth had no authority to bind the church; second, that the furnaces are defective and of but little value; and third, that they do not constitute such fixtures or appurtenances as will entitle the plaintiff to a mechanic's lien. Mr. Roth died a few months after the making of the contract.

It is claimed on behalf of the defendant that the work was performed under a written memorandum or contract set out in the record. This the plaintiff denies, and claims that the work was performed under a verbal contract, and there is testimony supporting this view of the case sufficient to sustain the judgment. It is denied also that Roth was the agent of the church so as to bind it by any contract made by him. The testimony, however, tends to show such agency in the erection of the building. It is true that the church committee had intended to heat the building with stoves and so informed Mr Roth after he had entered into the contract for furnaces, when he said, "I will pay for the whole business myself." By this we do not understand that any change was to be made with the contractor for the payment of the furnaces. Mr. Roth, evidently, was not satisfied to have the building heated with stoves, and took this mode of showing his dissatisfaction. Had he lived he, no doubt, would have kept his word, and paid for the furnaces, but his promise to the committee did not relieve the church from liability.

2. The judgment shows that by consent of the attorneys of both parties the judge before whom the trial took place personally examined the furnaces, and allowed $100 for

all deficiencies therein, which he considered a liberal allowance, and we must so consider it.    Evidently the furnaces are in a pretty good condition.

3.  A furnace when placed in a building becomes an appurtenance to the same and a mechanic's lien will attach thereto.  It is unnecessary to cite authorities in support of this view.  There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.